# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN MCINTOSH, | ) | CASE NO. 1:16CV1680 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| GREATER CLEVELAND REGIONAL | ) | OPINION AND ORDER |
| TRANSIT AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Plaintiff's Motion for Leave to Amend His Complaint Pursuant to Fed. R. Civ. P. 15(a)(2). (ECF # 13). For the following reasons, the Court grants Plaintiff's Motion.

On June 30, 2016, Plaintiff filed his Complaint with the Court, alleging race and religious discrimination under both federal and Ohio state law and Intentional Infliction of Emotional Distress. Plaintiff further sought punitive damages and attorney fees.

On August 5, 2016, Defendant moved to dismiss Plaintiff's discrimination claims based on race, Intentional Infliction of Emotional Distress and Plaintiff's punitive damages and attorney fee claims. On October 12, 2016, the Court granted Defendant's Motion, holding that Plaintiff's Complaint failed to assert sufficient facts rendering these claims plausible. The Court's dismissal was without prejudice.

The Court held a Case Management Conference setting a discovery cut-off date of March 17, 2017. On February 1, 2017, Plaintiff filed his Motion for Leave to Amend to include a race discrimination claim due to evidence obtained in discovery that supports the claim. According

to Plaintiff, he learned in discovery that he was the only African-American Quality Assurance Specialist with RTA and the only one that reported to Frank Campbell, who is Caucasian. Plaintiff contends Campbell required Plaintiff to complete weekly QA Visit Forms whenever Plaintiff visited one of Campbell's districts. Plaintiff was written up twice for not turning in these Visit Forms. Plaintiff alleges Campbell did not require the Caucasian QA Specialist's to submit these Visit Forms.

Plaintiff further alleges Campbell disciplined him for attendance/ tardiness issues while the Caucasian QA Specialists, who also had attendance/tardiness issues, were not disciplined. This is more problematic because, as a salaried employee, Plaintiff could not be disciplined for attendance/tardiness issues. Campbell also allegedly viewed Plaintiff's social media posts for race based content but did not similarly review Caucasian QA Specialists social media. Also, the basis for Plaintiff's termination by another supervisor were brought to that person's attention by Campbell.

Plaintiff further contends there is no prejudice to Defendant because although the race discrimination claim was dismissed pre-discovery, Defendant questioned Plaintiff during his deposition on race discrimination. Defendant also questioned RTA employees about race-based discrimination at RTA.

Defendant opposes the Motion for Leave to Amend, contending Plaintiff has not been diligent in pursuing his race discrimination claim. According to Defendant, the evidence Plaintiff contends he only recently acquired in discovery to support his race discrimination claim was actually known to him before he filed his initial Complaint. In August 2016, Scene Magazine published an article on Plaintiff's lawsuit after interviewing Plaintiff multiple times. The Article discusses Campbell writing up Plaintiff for attendance/tardiness infractions despite

his working on a flex schedule.  It further referenced the fact that it was Campbell who discovered that Plaintiff had approved defective brake pads which was the primary basis for Plaintiff's termination.  In his own deposition, Plaintiff recounted how he was required to submit Visit Forms weekly while other QA's were given more time to submit them.  Plaintiff further attested in deposition that Campbell had informed him while Plaintiff was employed at RTA that Campbell had reviewed his social media profile and that other African-American employees at RTA thought Campbell was racist.  Therefore, because none of the allegations Plaintiff seeks to add in support of a race discrimination claim were based on newly discovered evidence, Defendant argues Plaintiff's Motion for Leave to Amend must be denied.

Plaintiff responds that Defendant cannot be prejudiced by the amendment since race was an issue at the beginning of the case and the parties all knew it was an issue.  Even after the Court's dismissal of the race claims it was clear that a without prejudice dismissal could be revived after discovery and the parties did in fact explore race discrimination issues in the key depositions.  Neither was Plaintiff dilatory in pursuing an amendment since he filed for Leave the day after the deposition of Rashaun Storrs, RTA's former Equal Employment Opportunity investigator.  His deposition testimony provided a strong evidentiary basis for Plaintiff's amendment.

> Federal Rules of Civil Procedure 15(a)(2) applies and reads in pertinent part:
>
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Although the Rule expressly states leave to amend should be freely given, there are distinct situations in which the Court may deny a motion for leave to amend.  The Sixth Circuit has observed, "A motion to amend a complaint should be denied if the amendment is brought in

bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)).

In light of the foregoing arguments and the Sixth Circuit's admonishment that leave be freely granted, the Court grants Plaintiff's Motion for Leave to Amend his Complaint to include race discrimination claim(s). The Court does not find Plaintiff was dilatory in seeking leave to amend as it was done in the middle of the discovery period within days of key depositions.

Therefore, the Court orders Plaintiff to file his Amended Complaint no later than April 26, 2017. Because the amendment has been granted after the close of discovery, the Court will grant a short extension of the discovery schedule to allow for additional discovery on Plaintiff's race claim(s). The parties shall submit to the Court no later than April 28, 2017, a joint proposed discovery schedule to include dates for dispositive motions. In light of the foregoing, the Court cancels the settlement conference set for April 20, 2017 at 11:00 am.

IT IS SO ORDERED.

                                            s/ Christopher A. Boyko
                                            CHRISTOPHER A. BOYKO
                                            United States District Judge

Dated: April 19, 2017