# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **BRYAN MCINTOSH,** | ) | CASE NO. 1:16CV1680 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| **GREATER CLEVELAND REGIONAL** | ) | ORDER |
| **TRANSIT AUTHORITY,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the parties' Motions in Limine. The Court will address each motion below.

*Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Prior Lawsuits Unrelated to His Claims Against Defendant. (ECF # 65).*

Plaintiff asks the Court to exclude from trial the introduction of any evidence or testimony concerning Plaintiff's past lawsuits or legal actions that are unrelated to his employment with Defendant. Specifically, Plaintiff requests that the Court preclude Defendant from introducing at trial any evidence concerning his prior lawsuit with Kevin Conwell or his involvement with prior creditor lawsuits. According to Plaintiff, such evidence is irrelevant to the claims in this case, would substantially prejudice Plaintiff and is impermissible character evidence which must be excluded.

Defendant opposes the Motion, contending that Plaintiff left work with RTA for three

hours to testify at the Conwell trial. Conwell was indicted for assaulting Plaintiff. Plaintiff told his supervisor Campbell he would return and make up the hours rather than go unpaid for the time he missed. When he returned, Plaintiff told Campbell to designate the time off as "jury duty" which Campbell refused but instead instructed Plaintiff he could leave a half hour early. Plaintiff left at 5:30 in spite of Campbell's instruction he could leave at 6:00. Campbell then issued Plaintiff a written reminder for leaving earlier than Plaintiff was given permission to leave. Thus, the issue is highly relevant to Defendant's defense that Plaintiff was not terminated due to his race but rather because he was a poor employee.

Defendant does not oppose the Motion insofar as it seeks to preclude Plaintiff's past creditor suits or other lawsuits.

*Held:* The Court DENIES Plaintiff's Motion concerning the Conwell lawsuit as it is relevant to Plaintiff's performance as an employee but GRANTS with regards to the creditor suits and any prior lawsuits involving Plaintiff.

***Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Instagram Account. (ECF # 66).***

Plaintiff seeks to preclude Defendant from introducing any evidence or testimony related to Plaintiff's Instagram account. Plaintiff contends Defendant wants to offer Plaintiff's Instagram account into evidence to show Plaintiff was late for work or had attendance issues resulting, in part, from his attendance at events or outings referenced on his Instagram account. However, because Plaintiff was not an hourly employee but was a salaried employee, he was subject to a flex-time schedule and was not subject to RTA's attendance procedures and could not be disciplined for attendance infractions. Thus, it has no probative value.

Defendant opposes the Motion because Plaintiff's stated reasons for opposing the introduction of his Instagram posts runs contrary to the arguments he made previously in this case that Plaintiff's attendance issues were related to the workplace discipline he received. Thus, Defendant argues it should be permitted to present evidence from Plaintiff's Instagram account showing his attendance issues were related, in part, to staying out late and attending various social events, causing Plaintiff to be absent of tardy the following day.

*Held:* The Court DENIES Plaintiff's Motion. The Instagram posts are relevant and probative of Plaintiff's work performance and subsequent discipline, which are disputed issues in the case, as is the issue of whether Plaintiff was subject to a flex-schedule.

***Defendant's Motion in Limine to Exclude Evidence of Religious Discrimination. (ECF # 69).***

Defendant seeks to preclude Plaintiff from offering into evidence statements made by Plaintiff's supervisor, Frank Campbell, while employed at RTA that "Muslims should be nuked and exterminated from the world" and that the Quran is "taking over the world." Defendant argues that Plaintiff, a Muslim, has dismissed his claim for religious discrimination, thus, any anti-Islamic statements are irrelevant to the claims remaining in the case and their probative value is outweighed by their prejudicial effect.

Plaintiff opposes the Motion, contending they are relevant to Plaintiff's Retaliation claim. Plaintiff filed his first Complaint for discrimination with the RTA EEO department solely based on religious discrimination arising, in part, on Campbell's statements. Plaintiff's federal and Ohio Retaliation claims are based on his complaining about both race and religious discrimination. Thus, in order for the jury to understand the reasons behind Plaintiff's first EEO filing Campbell's statements provide the necessary context and basis. Therefore, the statements

are relevant to Plaintiff's Retaliation claim and should be permitted into evidence.

*Held:* The Court GRANTS, IN PART, Defendant's Motion. Because the basis for Plaintiff's Retaliation claim arises from his complaints about discrimination based on his religion and race, the statements are relevant to his claims. However, because Plaintiff dismissed his religious discrimination claim, any probative value of Campbell's discriminatory statements based on religion are far outweighed by their prejudicial effect and would serve to confuse the jury. Thus, Plaintiff may testify that he filed a complaint with RTA's EEO office based on religion but may not discuss the substance of Campbell's discriminatory statements based on Plaintiff's religion.

***Defendant's Motion in Limine to Exclude Ra'Shaun Storrs's Investigative Report. (ECF # 70).***

Defendant moves to exclude the July 1, 2015 Investigative Report of Ra'Shaun Storrs and the hearsay evidence contained therein. In May 2015, Ra'Shaun Storrs, an analyst with RTA's EEO office, interviewed RTA employees concerning internal complaints about Frank Campbell. His report contains his conclusions based on interviews with RTA employees about Campbell. Defendant points to the statement "another common theme that was identified, only by African American employees, was a feeling of disrespect when interacting with Mr. Campbell" as an example of an unattributed statement. According to Defendant, even if the document is considered a public record, it is not a trustworthy source of facts and contains hearsay within hearsay that must be excluded.

Plaintiff opposes the Motion, contending he is not offering the report and the statements contained therein for the truth of the matter asserted, rather, Plaintiff seeks to offer them to show

Campbell's state of mind.  According to Plaintiff, when Campbell was made aware of the findings of the investigation he retaliated against Plaintiff.  Furthermore, Plaintiff asserts that the report is a public record under Fed. R. Evid. 803(8) and is admissible unless it lacks trustworthiness.

**Held**:  The Court GRANTS Defendant's Motion.  Plaintiff alleges the records fall under the hearsay exception for public records found in Fed. R. Evid. 803(8).  Rule 803(8) reads:

> A record or statement of a public office if: (A) it sets out: (i) the office's activities; (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

To determine whether a source of information is untrustworthy, the opponent of the source must show: "(1) the timeliness of the investigation upon which the report is based, (2) the special skill or experience of the investigators, (3) whether the agency held a hearing, and (4) possible motivational problems." *Alexander v. CareSource,* 576 F.3d 551, 563 (6th Cir. 2009) quoting *Chavez v. Carranza,* 559 F.3d 486, 496 (6th Cir.2009) (citing *Bank of Lexington,* 959 F.2d at 616–17).

The report itself is only two pages, the investigation was conducted within a month of Plantiff's EEO complaint, it was conducted by Storrs, an analyst with RTA's EEO office, there was no hearing but there is no evidence or accusation by Defendant that Storrs held any bias against Campbell.   The Report is based on unattributed sources and contains highly speculative and vague statements that there " was a feeling" Campbell was disrespectful to African-American employees.   The Report itself was inconclusive on whether Campbell engaged in

discriminatory behavior, thus the Report is of minor evidentiary value and its probative value is outweighed by its prejudicial effect.  Because the Report lacks trustworthiness as its sources are unidentified, the statements are akin to representational evidence attributed to no on who may be cross-examined and contains little in the way of evidentiary value, the Court agrees with Defendant and excludes its introduction at trial.

    IT IS SO ORDERED.


Dated: August 14, 2019               /s/Christopher A. Boyko
                                          CHRISTOPHER A. BOYKO
                                          United States District Judge